UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenyatta Curry, # 344169, | ) C/A No. 4:14-669-JMC-TER |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Dr Thomas E Byrne; | ) |
| Nurse Pamela C Derrick, HCA; | ) |
| Richard C Bearden, Jr., Doctor; | ) |
| Dr Steen; | ) |
| Dr Benjamin F Lewis, Jr; | ) |
| Carol R Owenby-Gault, RN; | ) |
| Jane L Avinger, RN; | ) |
| Tammi L Barbour, RN; | ) |
| Amy D Spencer, RN, HCA; | ) |
| Tracy A Fowler, RN, and | ) |
| Luis Yrizarry, Jr, all in their individual and | ) |
| official capacities, | ) |
| | ) |
|                 Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Kenyatta Curry ("Plaintiff") alleges that he has been denied necessary medical treatment for a shoulder problem at several different prisons within the South Carolina Department of Corrections ("SCDC") prison system. He alleges that his shoulder has become dislocated several times and that surgery was recommended for him by a doctor he saw at a hospital outside of the SCDC system.

ECF No. 1, Compl. 3-4. He names several SCDC institutional medical personnel as Defendants, and he seeks injunctive relief and damages. *Id.* at 5.

Insofar as efforts to exhaust administrative remedies are concerned, Plaintiff acknowledges in his Complaint that he did not receive a "final agency . . . answer" to the Step 1 grievance that he tried to file on "2-10-14." *Id.* at 2. He asserts that the grievance coordinator at his current prison, Allendale Correctional Institution, refused to process the Step 1 grievance form he submitted on February 10, 2014, because he did not attach a signed Request to Staff Member ("RTSM") form to the grievance form to show that he attempted to informally work out the problem raised in the grievance. *Id.* Plaintiff attaches to his Complaint a copy of an un-processed Step 1 grievance form that includes allegations about the need for surgery on his shoulder and that is signed by him and dated "2-10-14." *Id.*, Attach.1 at 1. That form shows that it was addressed and not-processed by the "IGC" at Allendale on "02/21/14." *Id.* The "ACTION TAKEN BY IGC" part of the attached grievance form indicates that it was not processed because Plaintiff submitted it without attaching a required RTSM form signed by "appropriate supervisor/staff." *Id.* The ICG also informed Plaintiff that the supervisor over "medical" is "Associate Warden Randall Williams." *Id.*

Also attached to the Complaint are two separate, completed, and signed RTSM's each dated "2/7/14" by Plaintiff and containing the signatures of two different staff members. *Id.* at 23, 24. The first RTSM shows only a request for a list of doctors from the various institutions where Plaintiff has been housed since in SCDC custody. It is signed by medical staff member "Derrick" and dated "2/10/14." *Id.* at 23. The other RTSM is addressed to "Dr. Byrne" and it contains a request for the shoulder surgery that Plaintiff makes the subject matter of the Complaint under review. *Id.* at 24. There is a handwritten "disposition by staff member," but the writing is indecipherable, as is the date

and signature. *Id*. Plaintiff does not include any factual allegations in his Complaint that explain why neither of these signed RTSM's were attached to his attempted Step 1 grievance, nor does he explain why he did not attempt to correct the problem with the attempted Step 1 grievance and then fully pursue the SCDC administrative remedy process through conclusion of a Step 2 grievance before submitting the Complaint now under review for mailing to this court on February 26, 2014, only a little over two weeks after the attempted Step 1 grievance was returned to him un-processed. ECF No. 1, Attach. 2 (envelope showing institutional date stamp); *see Houston v. Lack*, 487 U.S. 266, 271 (1988)(pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

Plaintiff asserts in his Complaint that "staff wont respond to requests (RTSM)," ECF No. 1, Compl. 2, but he makes no mention of the two signed and responded-to RTSM's that are attached to his Complaint. There is nothing in any of the documents submitted by Plaintiff showing that he made any attempt to re-file a correctly completed Step 1 grievance form or that he was ever successful in having the Step 1 grievance form processed before submitting the Complaint under review, much less that he fully completed the SCDC process by fully pursuing a Step 2 grievance as to the medical indifference claim he seeks to raise in this case. Also, there is nothing in the Complaint or attached documents showing that any SCDC employee or official did anything not allowed under the current policy that would prevent Plaintiff from properly and completely pursuing all steps required under the policy. No intentional obstruction of the process is shown under the facts alleged.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)(prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002)(exhaustion applies to all kinds of "inmate suits about prison life . . . ."). The United States Supreme Court has held that "proper exhaustion 'means using all steps that the agency holds out, and doing so properly.' " *Woodford v. Ngo*, 548 U.S. at 90–91 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)); *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)(inmate must attempt to cure problems with rejected grievance; compliance with procedures must be "exact and complete"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (prisoner must follow the all of the prison's rules governing filing and prosecution of a claim). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

Specifically, the current SCDC policy requires prisoners to undertake attempts at informal resolution of the problems before filing a Step 1 Grievance form and attaching a copy of the prisoner's informal RTSM.

Plaintiff's own answers to the questions on the complaint form about the steps taken to

exhaust administrative remedies show that he had not received the agency's final response to his medical claim before he filed this case. Additionally, the documents attached to his Complaint show that he has not yet successfully filed a Step 1 grievance and actually appears to still be in the RTSM stage of the process with respect to his medical claim. Documents attached to his Complaint show that Plaintiff did actually have access to a least two signed RTSM's when his attempted Step 1 grievance form was returned to him unprocessed, but there is no explanation of why he did not attempt to re-submit the Step 1 grievance form with one or both of those RTSM's attached and then proceed to complete the SCDC remedy process before filing this case.

Although Plaintiff alleges that staff will not respond to the RTSM's, the RTSM's attached to his Complaint disclose that he received staff responses to those requests within a few days. The fact of the matter is that the current policy clearly requires attachment of a staff-signed RTSM to all Step 1 grievances and places no time limitation on the person who is supposed to sign off on the RTSM. Thus, Plaintiff could not just ignore the RTSM requirement when the forms were not responded to by staff members within the time he felt was sufficient. Instead, he was required to submit a RTSM to the appropriate staff member whose name was provided to him on the unprocessed Step 1 form and then wait for return of the signed RTSM (or he could take affirmative action to obtain the required signatures on the RTSM) before submitting a Step 1 grievance. Then, if an unsatisfactory response was received to any processed Step 1 grievance, a Step 2 grievance would have to be fully pursued before this court could say that Plaintiff exhausted his administrative remedies with regard to the grieved issue. [1]

---

[1] The policy provides time limitations for the Warden at the prison to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2 grievance. *Id.* at §§ 13.3-13.7. The decision of the "responsible official"

Based on the above law and the facts shown in the Complaint under review, it is clear on the face of the pleadings that Plaintiff did not attempt to fully exhaust his SCDC remedies before filing this case. The court is not required to keep a case like this on its docket while the plaintiff pursues administrative exhaustion, and should dismiss premature cases such as this one without prejudice. *See Woodford v. Ngo,* 548 U.S. at 84-85; *Ballenger v. Barkley*, No. Civ.A.6:03-3333-27AK, 2004 WL 3312009, * 3 (D.S.C. July 27, 2004).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 18, 2014
Florence, South Carolina

---

who answers the Step 2 grievance is the Department's final response in the matter.  SCDC Policy/Procedure GA-01.02 at § 13.7.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).